UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KHALID O. RAHMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY, *et al.*,<br><br>    Defendants. | Case No. C06-5262 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**September 14, 2007** |

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff claims that his constitutional rights were violated during his arrest and while he received medical treatment following his arrest. Presently before the Court are the motions for summary judgment of Defendants Stephen E. Friederick and C. Z. Anderson, seeking dismissal of Plaintiff's claims with prejudice. (Dkt. # 41 and # 43). Plaintiff has not responded to the motions. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed as an admission that the motion has merit. Having reviewed the Defendants' motions and affidavits and the balance of the record, the undersigned recommends that the motions be granted and Plaintiff's claims against Defendants Friederick and Anderson be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

## I. UNDISPUTED FACTS

Plaintiff does not dispute the facts, which have been presented by Defendants to the Court, (*See* Dkt. 41 at 2-3; Dt.# 43 at 2-3), as follows:

Plaintiff alleges that on May 14, 2003, he was injured by a K-9 unit under the command of Defendant Pierce County Deputy Sheriff Brett Karhu.  Following Plaintiff's arrest on May 14, 2003, Plaintiff was transported to St. Clare Hospital Emergency Room in Lakewood, Washington for medical treatment, where he was attended to for over an hour for multiple dog bite wounds and various lacerations.  (Dkt. # 41, Exh. A).  Defendant Friederick was Plaintiff's treating physician in the emergency room.  (*Id*.).  During Plaintiff's time in the emergency room, a history was taken; vital signs were obtained; an overall assessment was conducted; local anesthetic was administered to the wounds; the wounds were evaluated, cleaned, irrigated extensively, sutured and dressed; Vicodin was given for pain; Bacitracin, an antibacterial, was given; and Augmentin, an antibiotic, was given in the hospital and a prescription for the antibiotic was given on discharge. An abrasion to Plaintiff's left elbow was also evaluated and Defendant Friedrick ordered an x-ray which revealed no fracture. Plaintiff was also instructed to return to the hospital if his condition worsened. (*Id.*).

This was the last time Defendant Friedrick cared for Plaintiff, as Plaintiff received follow-up medical care from the Pierce County Detention and Corrections Health Clinic. (*Id*. at Exh. B).

Defendant Andersen is the radiologist who interpreted x-rays of Plaintiff's left elbox at the request of Defendant Friedrick. (*Id*.; *See also,* Dkt. # 4, Exh. 4 at 9 (records attached to Plaintiff's Amended Complaint).  Defendant Andersen dictated the report of his interpretation of the x-rays. (*Id*.).  Defendant Andersen had no direct contact with Defendant Friedrick, Plaintiff or any personnel at St. Claire Hospital that treated Plaintiff.  (Dkt. # 44).

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

REPORT AND RECOMMENDATION - 2

1  that there is no genuine issue of material fact and that the moving party is entitled to judgment as a
2  matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law
3  when the nonmoving party fails to make a sufficient showing on an essential element of a claim on
4  which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323
5  (1985).

6  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a
7  rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*
8  *Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative
9  evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a
10 genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual
11 dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*
12 *Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T. W. Elec. Service Inc. v. Pacific Electrical Contractors*
13 *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

14 The determination of the existence of a material fact is often a close question. The court must
15 consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the
16 preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Service*
17 *Inc.*, 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the
18 nonmoving party only when the facts specifically attested by the party contradicts facts specifically
19 attested by the moving party. *Id.*

20
21                    **III.  DISCUSSION**
22 **A.     Plaintiff Has Failed to State a Claim 42 U.S.C. § 1983**
23 To state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right
24 secured by the federal Constitution or statutory law, and (2) allege that the deprivation was
25 committed by a person acting under color of state law. *Anderson v. Warner*, 451 F.3d 1063,
26 1068 (9th Cir. 2006); *West v. Atkins,* 487 U.S. 42, 48 (1988).
27 Plaintiff acknowledges that Defendant Friedrick is an emergency room doctor at St. Clare
28 REPORT AND RECOMMENDATION - 3

Hospital in Tacoma, Washington. (*See* Dkt. # 4, p. 7, Exh. D). As an independent physician practicing at a private hospital, Dr. Friedrick cannot be said to have acted under color of state law when providing Plaintiff with care and treatment. With regard to Defendant Andersen, Plaintiff makes no such allegation. Defendant Andersen was not employed by a government agency nor did he have any particular power conveyed to him by a state agency. (Dkt. # 44, p. 2). Plaintiff has provided no evidence to the contrary.

Accordingly, the undersigned recommends that Plaintiff's federal claims be dismissed against Defendant Friedrick and Defendant Andersen solely on the basis that there is no evidence that these Defendants were acting under color of state law.

In addition, Plaintiff has provided no evidence establishing that these Defendants were deliberately indifferent to his serious medical needs.

Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. Because pretrial detainees rights under the Fourteenth Amendment are comparable to prisoners rights under the Eighth Amendment, however, we apply the same standards. *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998) (internal citations omitted); *see also Carnell v. Grimm*, 74 F.3d 977 (9th Cir. 1996). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. *Id.* at 104, *quoting Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976) (internal citation omitted).

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." 511 U.S. 825, 837 (1994). Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id.* at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). If one of the components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. 25. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the

REPORT AND RECOMMENDATION - 4

1   Eighth Amendment. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Simple malpractice,
2   or even gross negligence, does not constitute deliberate indifference. *McGuckin*, 974 F.2d at 1059.
3   　　Plaintiff alleges that Defendant Friedrick failed to suture his dog bites and failed to order lab
4   work to rule out infection. (Dtk. # 4, p. 12). However, Plaintiff has provided no evidence beyond
5   his allegations to support a claim of intentional denial or delay in access to medical care
6   demonstrating deliberate indifference. On the other hand, the record reflects that Plaintiff was
7   attended to in the emergency department for over an hour and during that time, a history was taken;
8   vital signs were obtained; an overall assessment was conducted; local anesthetic was administered
9   to the wounds; the wounds were evaluated, cleaned, irrigated extensively, sutured and dressed;
10  Vicodin was given for pain; Bacitracin, an antibacterial, was given; and Augmentin, an antibiotic,
11  was given in the hospital and a prescription for the antibiotic was given on discharge. An abrasion
12  on Plaintiff's elbow was also examined. Defendant Friedrick ordered x-rays, which revealed no
13  fracture and Plaintiff was instructed to return to the hospital if his condition worsened. (Dkt. # 41,
14  Exh. A; Dkt. # 4, Exh. 4).
15  　　Plaintiff alleges that Defendant Andersen rushed Plaintiff's treating room physician to treat
16  Plaintiff as soon as possible and to get Plaintiff out of the ER. (Dkt. # 4,.p. 12). The exhibits
17  attached to Plaintiff's Amended Complaint indicate that Defendant Andersen was a radiologist
18  whose only action was to read, interpret and report on Plaintiff's x-rays. (*Id*., Exh. 4). Defendant
19  Andersen attests that he had no contact with Plaintiff or any of his treatment providers. (Dkt. # 44).
20  　　After viewing all of the summary judgment evidence in the light most favorable to the
21  Plaintiff, the undersigned concludes that Plaintiff's constitutional claims fail as a matter of law. As
22  noted above, Plaintiff has not responded to the motion for summary judgment and has provided no
23  evidence beyond the bare allegations found in his Complaint. Plaintiff has provided no evidence
24  that any act or omission by Defendant Friedrick or Defendant Andersen violated his constitutional
25  rights and, therefore, the undersigned recommends that the motions of Defendant Friedrick and
26  Defendant Andersen be granted on Plaintiff's constitutional claims.
27
28  REPORT AND RECOMMENDATION - 5

**B.     Plaintiff's State Law Claims**

**1.     Plaintiff's Malpractice Claim**

Defendant Friedrick argues that Plaintiff has plead a medical malpractice claim, which must be supported by expert testimony. In a medical malpractice action arising from medical care rendered in the state of Washington, Washington law applies and the standard of care can only be proven by expert testimony. *See, e.g., Hutchinson v. United States*, 838 F.2d 390 (9th Cir. 1987).

In Washington, RCW 7.70 governs all civil actions for injuries resulting from health care provided after June 25, 1976. An action for damages for injury occurring as a result of health care is controlled *exclusively* by RCW 7.70.030, regardless of how the action is characterized. *Branom v. State*, 94 Wn. App. 964, 974 P.2d 335 (1999), *review denied*, 138 Wn.2d 1023, 989 P.2d 1136. RCW 7.70.030 provides as follows:

> No award shall be made in any action or arbitration for damages for injury occurring as the result of health care which is provided after June 25, 1976, unless the plaintiff establishes one or more of the following propositions:
>
> (1) That injury resulted from the failure of a health care provider to follow the accepted standard of care;
>
> (2) That a health care provider promised the patient or his representative that the injury suffered would not occur;
>
> (3) That injury resulted from health care to which the patient or his representative did not consent.
>
> Unless otherwise provided in this chapter, the plaintiff shall have the burden of proving each fact essential to an award by a preponderance of the evidence.

Thus, to the extent that Plaintiff is making claims against Dr. Friedrick beyond those found in RCW 7.70.030, such claims are barred as a matter of law.

RCW 7.70.040 identifies the elements of proof required in a medical malpractice action:

> The following shall be necessary elements of proof that injury resulted from the failure of the health care provider to follow the accepted standard of care:
>
> (1) The health care provider failed to exercise that degree of skill, care, and learning expected of a reasonably prudent health care provider in the profession or the class to which he belongs, in the state of Washington, acting in the same or similar circumstances;

REPORT AND RECOMMENDATION - 6

(2) Such failure was the proximate cause of the injury complained of.

RCW 7.70.040.

Plaintiff must prove that Dr. Friedrick was negligent in that the care he provided fell below the expected standard of care of an emergency medicine physician, practicing in the same or similar circumstances, in the treatment provided to Mr. Rahman and that such negligence proximately caused his injuries. In all but the most extraordinary situations, a claimant must submit competent, expert testimony to meet his or her burden of proof in a medical malpractice action. *Guile*, 70 Wn.App. at 25 (citing *Harris v. Groth*, 99 Wn.2d 438, 449, 663 P.2d 113 (1983)). The claimant must establish the standard of care through the testimony of the professional equals of the defendant doctor. *Young*, *supra*, 112 Wn.2d at 227-230; *Swanson v. Brigham*, 18 Wn. App. 647, 651, 571 P.2d 217 (1977). A health care provider's conduct is to be measured against the standard of care of a reasonably prudent practitioner possessing the degree of skill, care and learning possessed by other members of the same area of specialty in the State of Washington. *Harris*, 99 Wn.2d 438 (construing RCW 7.70.010, *et seq.*).

Defendant Friedrick has submitted a declaration from Board Certified emergency medicine physician, Dr. Jacob Heller, with 27 years experience in emergency medicine in Washington. (Dkt. # 41, Exh. C). After reviewing the St. Clare Emergency Department medical records from May 14, 2003, Dr. Heller opines that Defendant Friedrick complied with the applicable standard of care in his care and treatment of Plaintiff. As noted above, Plaintiff has not responded to Defendants' motions for summary judgment and has not presented any evidence to the contrary. In particular, Plaintiff has presented no expert testimony to support his claims that Defendant Friedrick did not provide proper medical care.

Therefore, the undersigned recommends that the Plaintiff's claims of malpractice against Defendant Friedrick be dismissed.

REPORT AND RECOMMENDATION - 7

**2.     Plaintiff's Claims for Negligent and Intentional Infliction of Emotional Distress**

As noted above, RCW Chapter 7.70 governs all civil actions for injuries resulting from health care provided after June 25, 1976. *Branom v. State*, 94 Wn. App. 964, 969, 974 P.2d 335 (1999) (whenever an injury occurs as a result of health care, the action for damages for that injury is governed exclusively by RCW 7.70 ).

Thus, any and all negligence claims must be brought under RCW 7.70. Washington law does not recognize any other claims for negligence when the alleged injury arises out of healthcare.

In addition, Plaintiff also asserts a claim for the intentional infliction of emotional distress, otherwise referred to as the intentional tort of outrage. To recover for the tort of outrage a plaintiff must prove: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. *Pettis v. State*, 98 Wn. App. 553, 990 P.2d 453 (1999). To prove extreme and outrageous conduct, it is not enough to show that the defendant acted with an intent that was tortious or even criminal, or that he intended to inflict emotional distress, or even that his conduct can be characterized by malice. *Grimsby v. Samson*, 85 Wn.2d 52, 530 P.2d 291 (1975). Liability exists only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Hope v. Larry s Markets*,108 Wn. App. 185, 29 P.3d 1268 (2001).

The emotional distress complained of must be inflicted intentionally or recklessly. Bad faith or malice is not enough to prove an outrage claim. *Dicomes v. State*, 113 Wn.2d 612, 782 P.2d 1002 (1989). The conduct must result in severe emotional distress to the plaintiff. *Brower v. Ackerley*, 88 Wn. App. 87, 943 P.2d 41141 (1997).

Plaintiff appears to claim that Defendants Friedrick and Andersen provided substandard care, but beyond the bare allegations in his Amended Complaint, the record is devoid of any evidence of conduct by either Defendant Friedrick or Defendant Andersen that could in any way be considered "so outragous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

REPORT AND RECOMMENDATION - 8

community." *Guffey v. State*, 690 P.2d 1163 (1984)(quoting *Grimsby v. Samson*, 530 P.2d 291 (1975)). Accordingly, the undersigned recommends that Plaintiff's claims of for negligent and intentional infliction of emotional distress be dismissed.

### 3. Claims Based on Washington State Constitution

There is no cause of action for damages arising from alleged violations of the Washington State constitution. *Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094 (2001); *Peters v. Vinatieri*, 9 P.3d 909 (2000). Accordingly, the undersigned recommends that Plaintiff's claims based on violation of the Washington state constitution may be dismissed on this basis as well.

### III. CONCLUSION

For the reasons stated above, the Court should **GRANT** the motions for summary judgment of Defendants Friedrick and Andersen and dismiss Plaintiff's claims against them with prejudice. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 14, 2007**, as noted in the caption.

DATED this  8th   day of August, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9