UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KHALID O. RAHMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY, *et al.*,<br><br>    Defendants. | Case No. C0t-5262 BHS/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**Noted for:**<br>**March 7, 2008** |

Before the Court is the motion to dismiss and for summary judgment of Defendants State of Washington, Harold Clarke, D. Ang., A. Wedvic, T. Panek, M. Bollinger[1], and Allen Hayter. (Dkt. # 47).[2] Defendants seek dismissal of Plaintiff's claims.

In support of their motion, Defendants provide the Declarations of Devon Schrum and Brian M. Agar. (Dkt. # 48 and 49). Plaintiff has not responded to Defendants' motion, although he has had ample time to do so. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.

After careful review of Defendants' motion, supporting evidence, the balance of the record,

---

[1] M. Bollinger has not been served and reserved his right to contest service and personal jurisdiction.

[2] Plaintiff's claims against Defendants Stephen E. Friederick and C.Z. Anderson were previously dismissed on summary judgment. (Dkt. # 46). Defendants Pierce County, Paul Pastor, Brett Karhu, John Delgado, A. Jackson and Juliette Pohl-y-Baca also filed a motion for summary judgment dismissal. (Dkt. # 50) That motion is dealt with by separate report and recommendation.

REPORT AND RECOMMENDATION - 1

and viewing the facts in the light most favorable to the Plaintiff, the undersigned recommends that Defendants ("the State Defendants") are entitled to dismissal of the claims against them because Plaintiff has failed to exhaust his administrative remedies as to his federal claims and failed to comply with Washington's Tort Claim statute as to his state law claims.[3]

## I. INTRODUCTION

On June 20, 2006, Plaintiff filed his Amended Complaint *pro se*, against individual Pierce County employees, treating physicians Drs. Andersen and Friedrick, and the State Defendants for dog bites he received during his arrest on May 14, 2003 and medical treatment he received following that arrest at St. Claire Hospital in Lakewood, Washington. (Dkt. # 4). Drs. Anderson and Friedrick were dismissed from this action on September 14, 2007. (Dkt. # 46). Plaintiff is currently an inmate in the Washington Department of Corrections (DOC) facility in Littlerock, Washington. (Dkt. # 20).

Plaintiff alleges the State Defendants violated his Eighth and Fourteenth Amendment rights by providing the wrong or insufficient medical treatment and that there was a disciplinary proceeding relating to his having declared a medical emergency. (Dkt. # 4, pp. 14-18, 22-24). He also alleges state tort claims for failure to provide adequate medical care. *Id*., p. 24.

## II. UNDISPUTED FACTS

Plaintiff does not dispute the facts, which are presented by Defendants to the Court, (*See* Dkt. 47 at 2-4; and Declarations of Schrum and Agar, Dkt. # 48 and 49), as follows:

The Washington Offender Grievance Program has been in existence since the early 1980s and was fully implemented in 1985. (Dkt. # 48, ¶ 3). Inmates may challenge a variety of things within the

---

[3]The State Defendants offer several additional grounds for dismissal that the Court need not consider in light of its recommendation to dismiss on grounds of exhaustion and failure to satisfy state tort claim requirements, *e.g.,* lack of expert testimony required by RCW 7.70.030, Eleventh Amendment immunity, vicarious liability, and doctrine of favorable termination.

REPORT AND RECOMMENDATION - 2

prison system, including DOC policies, rules and procedures, and staff conduct. *Id*. ¶ 4. DOC's grievance program has a multi-tiered approach to address offender grievances consisting of four levels of review. *Id*. ¶ 6. Level I is the initial grievance. *Id*. Grievances are filed at this level when an offender is challenging a policy or procedure. *Id*. After receiving the response from the institution's grievance coordinator, the offender can submit an appeal of that decision in a Level II grievance within two days. *Id*. These grievances are investigated further and the superintendent at each facility responds. *Id*. Finally, if an offender does not agree with the superintendent's response, he or she may file a Level III grievance appeal that is submitted to the department headquarters in Olympia, Washington. *Id*.

Plaintiff filed only one grievance relating to his medical care during the period June 24, 2003 to June 12, 2006, dated December 8, 2003, received December 11, 2003. (Dkt. 48, Exh. 1). There were no grievances for claimed retaliatory actions. *Id*. Plaintiff's December 11, 2003 grievance alleged medical misconduct and failure to provide medical treatment. (*Id.*, Exh. 1, Schrum Decl. p. 6). The grievance was assigned to an investigator, Bill Doran. (*Id*., Exh. 2, 3, Schrum Decl. pp. 7, 8). On December 31, 2003, the Level I response was issued and delivered to Plaintiff, denying his grievance on the basis that he had received adequate medical treatment and pain medications. (Dkt. # 48, Exh. 4, p. 9).

At the bottom of the page on Exhibit 4, the form references the fact that there is a two-day appeal period. *Id*. Plaintiff never appealed the decision. *Id*., ¶ 8. Had he appealed and been successful, there would have been available remedies. *Id.,* ¶ 9.

On December 12, 2003 Plaintiff was the subject of a disciplinary hearing in which he was found guilty of creating a false emergency. He was given a suspended loss of 30 day good conduct for 90 days providing no further major infractions. (Dkt. # 4, p. 17, Exh. 6).

REPORT AND RECOMMENDATION - 3

Plaintiff never filed a tort claim against the State of Washington. (Dkt. # 49).

### III. STANDARD OF REVIEW

In examining Defendants' motions, the Court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

### IV. DISCUSSION

**A.  Exhaustion of Remedies**

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants raised this affirmative defense. (Dkt. # 14). When considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, the court may look outside the pleadings to determine whether the issue has been exhausted. *Id*. at 119-20. Defendants have the burden of raising and proving the absence of exhaustion. *Id*. There can be no "absence of exhaustion" unless some relief remains "available," and a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. *Brown v.*

REPORT AND RECOMMENDATION - 4

*Valoff*, 422 F.2d 926, 937 (9th Cir. 2005).

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id.* at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance, and must do so in a timely manner. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001); *Woodford v. Ngo*. 548 U.S. 81, 126 S.Ct. 2378, 2386-87 (2006). The purpose of the exhaustion requirement is to "reduce the quantity and improve the quality of prisoner suits; . . . [and] afford corrections officials . . . opportunity to address complaints internally. . . . 42 U.S.C. § 1997e(a). *McKart v. United States*, 395 U.S. 185, 195 (1969). Inmates must make timely appeals through the third level of review. *Wyatt*, 315 F.3d at 116-1117; *Zarco v. Burt*, 355 F.Supp. 2d 1168, 1173-1174 (S.D. Cal. 2004)(applying similar California mulit-tiered system). Where plaintiff has not made a timely appeal, his Section 1983 case should be dismissed. *Id*.

Plaintiff alleges that the State Defendants violated his civil rights by not providing adequate medical care for the dog bites and other of his medical issues during the period June 24, 2003 to June 12, 2006. (Dkt. 4, pp. 14-18). Plaintiff filed one grievance on December 11, 2003 relating to the medical care he received for the preceding one and one-half months. (Dkt. # 48, ¶

REPORT AND RECOMMENDATION - 5

8, p. 6 (grieving "Medical, for misconduct and not giving me medical attention whereas for the past month and a half, I've expressed a serious medical concern for infection in my leg . . . "). The December 11, 2003 grievance was not appealed. *Id*., ¶ 8.

Accordingly, the record reflects that Plaintiff filed his lawsuit prematurely and has not yet fully exhausted his administrative remedies. Because Plaintiff failed to exhaust his available administrative remedies, his allegations against the State Defendants should be dismissed without prejudice.

**B.  Plaintiff's State Law Claims**

The State Defendants also argue that Plaintiff's state law claims must be dismissed because Plaintiff failed to file a tort claim as required by RCW 4.92.100, a mandatory condition precedent to filing suit against State of Washington defendants.

RCW 4.92.200 provides, in pertinent part, that all claims against the state or its officers or employees for damages arising out of tortious conduct shall be presented to and filed with the risk management division. Compliance with Washington's Tort Claim Statute is a mandatory condition precedent to filing suit against State of Washington defendants. RCW 4.92.110; *Kleyer v. Harborview Med. Center*, 887 P.2d 468 (1995); *Coulter v. State*, 608 P.2d 261 (1980); *O'Donoghue v. State*, 405 P.2d 258 (1965).

In order to assert a claim for damages under state law against the State Defendants, Plaintiff was required by RCW 4.92.200 to first file a tort claim. *Schwartz v. Snohomish County*, 2006 WL 692024, *8-9 (W.D. Wash. 2006). The claim filing requirement applies only to Plaintiff's state law claims as Plaintiff is not required to exhaust state tort claim procedures to maintain a Section 1983 claim. *Id*. citing *Wisenbacker v. Farwell*, 341 F.Supp. 2d 1160, 1169 (D. Nev. 2004).

The record reflects that Plaintiff did not file a tort claim prior to filing suit and alleging his

REPORT AND RECOMMENDATION - 6

state law claims against the State Defendants in this case. (Dkt. # 49, ¶ 3). Therefore, the Court recommends that Plaintiff's state law claims be dismissed.

## IV.  CONCLUSION

For the reasons stated above the Court should **GRANT** the State Defendants' motion for summary judgment (Dkt. # 47). A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk of the Court is directed to set the matter for consideration on **March 7, 2008**, as noted in the caption.

DATED this   11th  day of February, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7